**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:23-cv-23940-GAYLES/TORRES**

**SERIES 15-09-321, a designated series of MSP**
**Recovery Series, LLC, a Delaware entity**,

       Plaintiff,

v.

**UNITED SERVICES AUTOMOBILE**
**ASSOCIATION, USAA CASUALTY**
**INSURANCE COMPANY, USAA GENERAL**
**INDEMNITY COMPANY**,

       Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Second Amended Complaint (the "Motion") [ECF No. 56]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Plaintiff Series 15-09-321 ("Plaintiff") brings this action against Defendants United Services Automobile Association, USAA Casualty Insurance Company, and USAA General Indemnity Company (collectively, "Defendants"), seeking reimbursement for conditional payments made on behalf of Medicare Part C enrollees in accordance with the Medicare Secondary Payer Act ("MSPA"). [ECF No. 55].

In 1980, in an effort to reduce health care costs to the federal government, Congress enacted the MSPA. *See Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1306 (11th Cir. 2006). The MSPA

made "Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer." *Id.* (internal quotation omitted). Subparagraph (b)(2)(B) of the MSPA permits Medicare to "make conditional payments for covered services, even when another source may be obligated to pay, if that other source is not expected to pay promptly." *Id.* (internal quotation omitted). However, "[s]uch payment is conditioned on Medicare's right to reimbursement if a primary plan later pays or is found to be responsible for payment of the item or service." *Id.*

The MSPA's conditional payment provision permits the United States to bring an action for double damages against a primary insurer or an entity that received payment from a primary insurer when that primary insurer or entity fails to reimburse Medicare for conditional payments made on behalf of an enrollee. 42 U.S.C. § 1395y(b)(2)(B)(iii). In addition, the MSPA provides for "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." *Id.* § 1395y(b)(3)(A).

In 1997, Congress created the Medicare Advantage program wherein private insurance companies, operating as Medicare Advantage Organizations ("MAOs"), contract with the Centers for Medicare and Medicaid Services ("CMS") to administer Medicare benefits to individuals enrolled in a Medicare Advantage program under Medicare Part C. *See Humana Med. Plan, Inc. v. W. Heritage Ins.*, 832 F.3d 1229, 1235 (2016). Part C designates MAOs as secondary payers, like Medicare. 42 U.S.C. § 1395w-22(a)(4). "[A]n MAO may avail itself of the MSP private cause of action when a primary plan fails to make primary payment or to reimburse the MAO's secondary payment." *Humana*, 832 F.3d at 1238. An MAO may also seek reimbursement for a conditional payment when, after an accident, an insurer demonstrates responsibility by paying a settlement to

the injured Medicare beneficiary. *See MSP Recovery Claims, Series LLC v. Ace Am. Ins. Co.*, 341 F.R.D. 636, 641 (S.D. Fla. 2022) ("an insurer . . . might ultimately be deemed responsible as the primary plan when it assumes liability through a . . . settlement."). An MAO may assign its right to sue the primary insurer for failure to make payment or failure to reimburse the MAO's secondary payment. *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharms., Inc.*, 281 F. Supp. 3d 1278, 1279 (S.D. Fla. 2017) ("As assignees of these MAOs, Plaintiffs have the right to recover Medicare payments made by the MAOs, and for which the MAOs have a right of recovery against third parties.").

The MSPA also requires that primary payers coordinate with Medicare to facilitate the program. Specifically, under Section 1395y(b)(8), "a provision often known simply as Section 111, the MSPA requires that primary plans report to CMS certain claims they receive so that CMS may make an appropriate determination concerning coordination of benefits, including any applicable recovery claim."[1] *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 81 (2d Cir. 2023) (internal quotation omitted). Under 42 C.F.R. § 411.25, where "it is demonstrated to a primary payer that CMS has made a Medicare primary payment for services for which the primary payer has made or should have made primary payment, it must provide notice about primary payment responsibility and information about the underlying MSP situation to the entity or entities designated by CMS to receive and process that information." *Id*. § 411.25.

On December 19, 2024, Plaintiff filed its Second Amended Complaint[2] alleging that Defendants "failed to reimburse the MAO Assignor's [United HealthCare Service Inc. ("United

---

[1] "Because 42 U.S.C. § 1395y(b)(8) was added into the MSP Act by Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, it is often referred to as 'Section 111'" *Hereford Ins. Co.*, 66 F.4th 77, 81 n.6 (2d Cir. 2023).

[2] On February 16, 2024, following Defendants' Motion to Dismiss Plaintiff's Original Complaint, [ECF No. 11], Plaintiff filed its First Amended Complaint. [ECF No 22]. On October 3, 2024, the Court dismissed Plaintiff's First Amended Complaint without prejudice for failure to properly allege standing. [ECF No.43].

HealthCare") conditional payments." [ECF No. 55 ¶ 116]. Plaintiff alleges United HealthCare assigned Plaintiff the right to pursue its MSPA claims against Defendants pursuant to a valid written assignment entered on December 23, 2021. *Id.* ¶¶ 100–101. Plaintiff asserts a private cause of action for settlement claims, pursuant to 42 U.S.C. § 1395y(b)(3)(A)[3] ("Count I"); a private cause of action for first-party claims, pursuant to 42 U.S.C. § 1395y(b)(3)(A)[4] ("Count II"); a breach of contract via subrogation claim ("Count III"); a fraudulent concealment claim ("Count IV"); and seeks a declaratory judgment ("Count V"). [ECF No. 55].

On January 2, 2025, Defendants moved to dismiss the SAC, arguing that Plaintiff lacks standing for each Count and, in the alternative, that Plaintiff fails to state a claim for each Count. [ECF No. 56]. On January 16, 2025, Plaintiff filed its Response in Opposition to the Motion. [ECF No. 57]. On January 23, 2025, Defendants filed their Reply in support of their Motion. [ECF No. 58].

## LEGAL STANDARD

### I.     Standing

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). The Defendants' Motion launches a facial attack on the Plaintiff's standing. In adjudicating a facial challenge, a court must determine whether Plaintiff has "sufficiently alleged a basis of subject matter jurisdiction" *Id*. at 1251 (internal quotation omitted).

---

[3] Settlement Claims refer to instances where Defendants have demonstrated responsibility for payment by paying a settlement to the Medicare beneficiary.
[4] First-party claims refer to instances where United HealthCare made conditional payments to cover medical expenses for a Medicare beneficiary who was also covered under one of the Defendants' policies.

Article III of the U.S. Constitution "restricts the jurisdiction of the federal courts to litigants who have standing to sue" and, as the party invoking federal jurisdiction, Plaintiff bears the burden of demonstrating that it has standing to sue. *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016), *reh'g en banc denied*, 855 F.3d 1265 (11th Cir. 2017); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). To establish Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (internal citation omitted). "In plainer language, the plaintiff needs to show that the defendant harmed him, and that a court decision can either eliminate the harm or compensate for it." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020).

## II.      Failure to State a Claim

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (per curiam), "conclusory allegations . . . are not entitled to an assumption of truth — legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010).

"[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most

favorable to the Plaintiff. *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether h[er] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation and citation omitted).

## DISCUSSION

### I.    Standing

Defendants argue that Plaintiff lacks standing because the SAC fails to show rights to specific causes of action and claims, fails to show Plaintiff has rights to sue for fraud or declaratory relief, and fails to show claims were assigned and excluded. [ECF No. 56 at 10–13]. The Court agrees in part and disagrees in part.

#### A.    Counts I, II, and III

In Counts I, II, and III, Plaintiff asserts private causes of action for Defendants' violation of the MSPA ("Counts I and II") and breach of Defendants' insurance contracts ("Count III"). "Under the Medicare Secondary Payer Act, an assignee has standing to sue if (1) its ultimate assignor . . . suffered an injury-in-fact, and (2) [the assignor's] claim arising from that injury was validly assigned." *MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.*, 965 F.3d 1210, 1217 (11th Cir. 2020) (internal quotation omitted).

Plaintiff alleges that the assignor, United HealthCare, conditionally paid the medical expenses of Defendants' insurance beneficiaries, but Defendants failed to reimburse United HealthCare for its conditional payments as required under the MSPA. Plaintiff also alleges that Defendants breached their contracts with their insureds by failing to pay their medical expenses. Plaintiff proffers six examples (the "Exemplars") where United HealthCare allegedly made conditional payments to individuals covered by Defendants' policies or where there were

settlements based on Defendants' insurance policies. Plaintiff also proffers a spreadsheet, attached to the SAC as Exhibit B, identifying other potential instances where Defendants failed to make their required primary payments. [ECF No. 55-2]. The exhibit identifies the beneficiary, the amount of the conditional payment, and the primary payer. *Id*.

Plaintiff also alleges that United HealthCare, through a written assignment, assigned Plaintiff the right to seek reimbursement from Defendants for the conditional payments. According to Plaintiff, the assignment "expressly excludes claims for which the MAO Assignor already recovered or is currently pursuing recovery." [ECF No. 55 ¶103]. Based on these allegations and the attachments to the SAC, the Court finds that (1) Plaintiff sufficiently alleges that United HealthCare suffered an actual injury that is traceable to Defendants' conduct, and (2) Plaintiff has standing as to Counts I, II, and III. *See MSP Recovery Claims, Series LLC v. United Servs. Auto. Ass'n*, No. 20-CV-21530, 2022 WL 1555081, *5–6 (S.D. Fla. May 17, 2022) (finding standing for Plaintiff's MSPA action based upon exemplars); *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins*. Co., 40 F.4th 1295, 1303–05 (11th Cir. 2022) (finding that Plaintiff's MSPA action could survive a Motion to Dismiss based on the allegations in the complaint and an exhibit that identified the beneficiary, the assignor that "that made the conditional payment", and the primary payer).

### B.    Claims IV and V

In Count IV, Plaintiff asserts a claim of fraudulent concealment. Plaintiff alleges that Defendants intentionally failed to identify whether their insureds with "accident-related medical expenses were covered by" Medicare; failed to "properly submit Section 111 reports to CMS" to evade having to reimburse conditional payments; and failed "to coordinate with MAOs or their assignors in order to evade having to reimburse conditional payments." [ECF No. 55 ¶ 143].

Plaintiff asserts its claim under Section 111 and 42 C.F.R. § 411.25. Plaintiff does not have standing to bring this claim.

First, the statute and regulation do not provide a private cause of action when an insurer fails to properly report to, or coordinate with, CMS. *See* 42 U.S.C. § 1395y(b)(8); *id*. § 411.25. Plaintiff has not proffered any judicial or statutory authority demonstrating otherwise. Furthermore, multiple courts have determined that there is not a private cause of action for an insurer's failure to properly report. *MSP Recovery Claims, Series LLC. v. Progressive Cas. Ins. Co.*, No. 1:21CV926, 2024 WL 5106784, at *5 (N.D. Ohio Nov. 19, 2024) ("Nowhere in the statutory language does it describe a private right of action for failing to report"); *MSP Recovery Claims Series 44, LLC v. Hanover Ins. Co., Inc.*, No. CV 22-40087-FDS, 2024 WL 4252686, at *8 (D. Mass. Sept. 20, 2024) ("It is at least possible . . . that a right to enforce a duty of notice might be implied under 42 U.S.C. § 1395y(b)(3)[(]A) and 42 C.F.R. § 411.25—although there does not appear to be any authority supporting the implication of such a right, and the Supreme Court has indicated that recognizing implied causes of action is a 'disfavored judicial activity.'"). Without statutory or judicial support, the Court finds that Plaintiff does not have standing to bring this claim.

In Count V, Plaintiff seeks a declaration that Defendants "must coordinate benefits with the MAO as required under the MSPA." [ECF No. 57 at 16]. To accomplish this, Plaintiff seeks "the exchange of thousands of claims data . . . between the parties to determine overlapping instances where [United Healthcare] made payment . . . [to] a Medicare beneficiary who was entitled to the benefit of insurance coverage provided by Defendants." [ECF No. 55 ¶ 208]. The Plaintiff does not have standing to bring this claim because claims data is expressly excluded by Plaintiff's written assignment. [ECF No. 50 ¶ 1.1.2]. The assignment states without qualification

that "the foregoing assignment [to Plaintiff] does not include . . . any Claims Data[.]" *Id*. Because Plaintiff has no right to claims data, it does not have standing to bring this claim. *See Series 15-09-321 v. State Farm Mut. Auto. Ins*. Co., No. 1:23-CV-22982, 2025 WL 360606, at *5 (S.D. Fla. Jan. 8, 2025), *report and recommendation adopted*, No. 23-22982-CV, 2025 WL 357805 (S.D. Fla. Jan. 31, 2025).

## II.      Failure to State a Claim

The Court finds that Plaintiff has adequately stated the elements of a private cause of action under 42 U.S.C. § 1395y(b)(3)(A) for Counts I and II. Plaintiff sufficiently alleges (1) the Defendants' status as primary plans, (2) that Defendants failed to provide for primary payment or appropriate reimbursement, and (3) damages. *See Humana Med. Plan*, 832 F.3d at 1239.[5]

The Court also finds that Plaintiff has adequately stated a claim for breach of contract. Plaintiff's written assignment explicitly states that "Assignor irrevocably assigns . . . to Assignee any and all of Assignor's right . . . [to] Medicare Advantage Parts A, B and C payments owed by Responsible Parties pursuant to [a] breach of contract" claim. [ECF No. 50 ¶ 1.1.2]. Furthermore, Plaintiff sufficiently alleges that (1) Defendants had contractual obligations through their insurance policies to pay benefits, including medical expenses; (2) Defendants breached the contracts by failing to pay benefits; (3) which resulted in damages. *See Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir. 2009).

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

---

[5] In the SAC, Plaintiff states in passing that "[t]he scope of Plaintiff's claims is not limited to the representative . . . [Exemplars]. Plaintiff's claims seek reimbursement and other relief for the thousands of conditional payments that to date remain unreimbursed by Defendants." [ECF No 55 ¶ 123]. Excluding the Exemplars and Exhibit, these claims shall be dismissed because they are insufficiently pled.

1.  Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, [ECF No. 56],

    is **GRANTED** as to Counts IV and V, and **DENIED** as to Counts I, II, and III; and

2.  Counts IV and V are **dismissed with prejudice**.

    **DONE AND ORDERED** in Chambers at Miami, Florida, this **Monday, September 29,**

**2025.**

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE